**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|   |   |
|---|---|
| Michael Douma, *on behalf of himself and all others similarly situated,* | : |
| | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Kenvue Brands LLC. d/b/a Johnson & Johnson, | : **COMPLAINT** |
| | : |
| | : |
| Defendant. | : |
| | : |

---

For this Class Action Complaint, Plaintiff Michael Douma, by undersigned counsel, states as follows:

<u>**INTRODUCTION**</u>

1.      Defendant Kenvue Brands LLC. d/b/a Johnson & Johnson ("Defendant" or "Kenvue") formulates, manufactures, advertises and sells a product called "shea & cocoa butter oil" (the "Oil Product" or "Product") throughout the United States.  The front label is below:



2.     The front label and the name Defendant chose for the Product represent that the Product is an oil comprised of and extracted from shea butter and cocoa butter.

3.     However, in reality the Product contains trace amounts – less than one percent – of shea butter and cocoa butter.  Instead, the vast majority of the Product is made of mineral oil, a petroleum byproduct.  Accordingly, the Product is not what is claimed and displayed on the Product's labeling.

4.     By falsely and misleadingly labeling the Product, Kenvue violates federal and state law and regulations designed to prevent false and deceptive labeling and breaches the express warranty created by its labeling.  Defendant's prominent misrepresentations regarding its Oil Product form a pattern of unlawful and unfair business practices that visits harm on the consuming public.  Plaintiff therefore brings this action as a putative class action on behalf of himself and other consumers of the Oil Product who have been harmed and injured by purchasing the mislabeled Product.

## PARTIES

5.     Plaintiff Michael Douma ("Plaintiff") is and at all times relevant hereto was an adult individual residing in Takoma Park, Maryland.  Plaintiff has purchased Defendant's Oil Product within the last four years including on April 30, 2025, from Amazon.com; the product was shipped to his residence in Maryland.  Plaintiff viewed the Defendant's product labeling when he purchased the Product.

6.     Defendant Kenvue Brands LLC d/b/a Johnson & Johnson ("Kenvue" or "Defendant") is a Delaware limited liability company with a principal place of business at 1 Kenvue Way, Summit, New Jersey 07901. Kenvue markets, advertises, distributes and sells the Oil Product throughout the United States, including Maryland.

2

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(d) of the Class Action Fairness Act of 2005: (1) during the Class Period Kenvue sold its

Oil Product to more than 100 people, (2) in the same period those sales, combined with

Plaintiff's requested injunctive relief, punitive damages and attorneys' fees, exceeds $5,000,000,

and (iii) there is minimal diversity because Plaintiff and Class Members and Defendant are

citizens of different states.

8.     Venue is proper in this District and this Court has specific personal jurisdiction

over Kenvue because Kenvue's principal place of business is within this District.

**FACTUAL ALLEGATIONS**

9.     Shea butter and cocoa butter are emollients that keep water from evaporating from

one's skin.

10.     Shea butter is a seed fat that is extracted from the nut of the African shea tree.

According to the Cleveland Clinic it "is packed with vitamins and nutrients that are good for your

skin" including fatty acids, viamin E and vitamin A.[1]

11.     Cocoa butter is a fat that is derived from the beans of the cacao plant. Like shea

butter, cocoa butter provides "excellent skin care benefits" including moisturizing skin given that

it is "high in several different fatty acids, which help hold in water to keep your skin from drying

out."[2]

12.     Shea butter and cocoa butter are well known and prized for their moisturizing

properties, and consumers specifically seek out these ingredients for their moisturizing properties.

13.     Kenvue sells a baby oil product that it mislabels and advertises in a manner that

---

[1] https://health.clevelandclinic.org/shea-butter-benefits (last visited Nov. 18, 2025).
[2] https://health.clevelandclinic.org/cocoa-butter-benefits (last visited Nov. 18, 2025).

creates the false impression that the Oil Product is comprised of oil that was extracted from shea butter and cocoa butter.

14.    The front label of the Product prominently states that the Product is "shea & cocoa butter oil":



15.    The representation on the front label that the Product is "shea & cocoa butter oil" constitutes an express warranty that the Oil Product is comprised of oil either entirely or primarily from shea butter and cocoa butter.

16.    However, in truth the Product is mineral oil – *a byproduct of refining crude oil to make gasoline and other petroleum products* – with only trace amounts (less than 1%, *see* ¶¶ 18-21 *infra*) of shea butter and cocoa butter.

17.    Below is the back label which buries within dense text the product's ingredients:



18.     Pursuant to 21 C.F.R. § 701.3, the Product's ingredients on the rear of the label must be listed in descending order of predominance.

19.     The first ingredient listed on the "Ingredients" portion of the back label is Mineral Oil, followed by Fragrance, and then Butyrospermum Parkii (Shea) Butter and Theobroma Cacao (Cocoa) Seed Butter.

20.     Defendant's website states that the Product is comprised of less than one percent Fragrance.[3]

21.     Accordingly, the Oil Product contains less than one percent of shea butter and cocoa butter even though Kenvue prominently labels the product "shea & cocoa butter oil."

22.     This is in stark contrast to other products on the market that are either comprised entirely of shea butter oil or cocoa butter oil,[4] or whose labeling clearly discloses that shea butter and/or cocoa butter have been blended with other oils.[5]

---

[3] https://www.johnsonsbaby.com/baby-products/shea-cocoa-butter-baby-oil (last visited Nov. 24, 2025).
[4] *See, e.g.,* https://www.amazon.com/African-Moisturizer-Supplies-Psoriasis-Product/dp/B00JOV2EZA/ref=sr_1_10?crid=1V82RJM8URTAB&dib=eyJ2IjoiMSJ9.T6k0GY1kxZfv9lFipyTGKhW6VQnU0mw-REzEIEpeIgkL-OpgdoRaZGIYE5CWtVTmYHRId_B9I1WRRq68T8kdRig8F5Q8DYDxJkxZUZAHI-2xv0lwrXjlauIc9a6dr6MgqM8QWLiIzLc31sbhr9Dx1HM4fQSO3R3Pwp_Y9PTPkrmuKvI9LUZDCdQNG2hPCb3YUP32GchFnfp21sw03MOF8N4MiTB0DBfnVnV0L4COvMWZcXAdrVHtOqDV4Zxyk8BQ85vznOGK1zO0E_Tnbze2hWXpe11gIYrgxyDgx1zXxnU.hISHcW61UpsTecO5MgGvUFqNf_2VT-LG9Lm-GUeJZAI&dib_tag=se&keywords=shea%2Band%2Bcocoa%2Bbutter%2Boil&qid=1757352805&s=beauty&prefix=shea%2Band%2Bcocoa%2Bbutter%2Boil%2Cbeauty%2C105&sr=1-10&th=1 ("Shea Nut Oil" labeled product contains solely "Butyrospermum Parkii (Shea Nut Oil)") (last visited Nov. 24, 2025).
[5] https://www.amazon.com/Palmers-Moisturizing-Instantly-Safflower-Phthalates/dp/B000056W74/ref=sr_1_7?crid=1V82RJM8URTAB&dib=eyJ2IjoiMSJ9.T6k0GY1kxZfv9lFipyTGKhW6VQnU0mw-REzEIEpeIgkL-OpgdoRaZGIYE5CWtVTmYHRId_B9I1WRRq68T8kdRig8F5Q8DYDxJkxZUZAHI-2xv0lwrXjlauIc9a6dr6MgqM8QWLiIzLc31sbhr9Dx1HM4fQSO3R3Pwp_Y9PTPkrmuKvI9LUZDCdQNG2hPCb3YUP32GchFnfp21sw03MOF8N4MiTB0DBfnVnV0L4COvMWZcXAdrVHtOqDV4Zxyk8BQ85vznOGK1zO0E_Tnbze2hWXpe11gIYrgxyDgx1zXxnU.hISHcW61UpsTecO5MgGvUFqNf_2VT-LG9Lm-GUeJZAI&dib_tag=se&keywords=shea+and+cocoa+butter+oil&qid=1757352805&s=beauty&prefix=shea+and+cocoa+butter+oil%2Cbeauty%2C105&sr=1-7 ("COCOA BUTTER FORMULA" body oil product stated on its front label that is comprised of a "BLEND OF OILS.") (last visited Nov. 24, 2025).; https://www.amazon.com/Palmers-Shea-Formula-Raw-Body/dp/B0B9HV9SCY/ref=sr_1_6?crid=1V82RJM8URTAB&dib=eyJ2IjoiMSJ9.T6k0GY1kxZfv9lFipyTGKhW6VQnU0mw-REzEIEpeIgkL-OpgdoRaZGIYE5CWtVTmYHRId_B9I1WRRq68T8kdRig8F5Q8DYDxJkxZUZAHI-2xv0lwrXjlauIc9a6dr6MgqM8QWLiIzLc31sbhr9Dx1HM4fQSO3R3Pwp_Y9PTPkrmuKvI9LUZDCdQNG2hPCb3YUP32GchFnfp21sw03MOF8N4MiTB0DBfnVnV0L4COvMWZcXAdrVHtOqDV4Zxyk8BQ85vznOGK1zO0E_T

23.     Plaintiff, and any other reasonable consumer, would and did believe based on Kenvue's labeling that the Oil Product is comprised of, and the oil contained therein was extracted from, shea butter and cocoa butter.  However, that would be an incorrect belief and the Product's front label lacks any qualifying language to mitigate that false impression.

24.     The above misrepresentations regarding the contents and ingredients of Defendant's Oil Product are unlawful under both state and federal law.

25.     The Federal Food, Drug, and Cosmetic Act ("FDCA'), passed by Congress in 1938, grants the Food and Drug Administration ("FDA") power to ensure "cosmetics are safe and properly labeled" and "human and veterinary drugs are safe and effective." 21 U.S.C. § 393(b)(2)(B) and (D).

26.     Kenvue's false and deceptive statements violate 21 U.S.C. § 362(a), which deems cosmetics misbranded when the label contains a statement that is "false or misleading in any particular."  Likewise, Kenvue's false and deceptive statements violate 21 U.S.C. § 352(a), which deems a drug misbranded when the label contains a statement that is "false or misleading in any particular."

27.     Maryland prohibits the misbranding of cosmetics and drugs in a way that parallels the FDCA; it provides that a person may not "[m]anufacture or sell any food, drug, device, or cosmetic that is adulterated or misbranded" (Md. Code Ann., Health-Gen. § 21-256(1)) and provides that "a cosmetic is considered misbranded if . . . [i]ts labeling or packaging is false or misleading in any way" (Md. Code Ann., Health-Gen. § 21-231(a)(1)) and "[a] drug or device is misbranded if . . . [i]ts labeling is false or misleading in any way" (Md. Code Ann., Health-Gen. §

nbze2hWXpe11gIYrgxyDgx1zXxnU.hISHcW61UpsTecO5MgGvUFqNf_2VT-LG9Lm-GUeJZAI&dib_tag=se&keywords=shea+and+cocoa+butter+oil&qid=1757352805&s=beauty&sprefix=shea+and+cocoa+butter+oil%2Cbeauty%2C105&sr=1-6 ("SHEA BUTTER FORMULA" body oil product stated on its front label that it is comprised of a "BLEND OF OILS") (last visited Nov. 24, 2025)..

21-217(b)(1)).

28.    Kenvue's misrepresentations and deceptive labeling during the Class Period regarding the shea butter and cocoa butter contents of its Oil Product are material. Reasonable consumers base their "shea butter & cocoa butter oil" purchasing decisions on the advertised and warranted amount of shea butter and cocoa butter contained therein.  Consumers specifically prize shea butter and cocoa butter for their moisturizing and other health and cosmetic properties. Additionally, consumers reasonably rely on Defendant's front label to accurately determine the identity, amount and source of any ingredients included within the Product. Accordingly, Plaintiff and Class Members, as reasonable consumers, were materially misled by Defendant's representations regarding the true nature and composition of the Oil Product.

29.    The difference between the Oil Product labeled and promised and the products sold is significant and material because the sold products only contain trace amounts of shea butter and cocoa butter. The amount of actual shea butter and cocoa butter provided has real impacts on the benefits provided to consumers by the Oil Product and the actual value of the Oil Product.

30.    Because Plaintiff and Class Members purchased a product that contains less shea butter and cocoa butter oil than advertised and warranted, Plaintiff and Class Members have suffered an injury-in-fact. Misbranded cosmetics and drugs cannot legally be manufactured, held, advertised, distributed or sold. Thus, misbranded cosmetics and drugs have no economic value and are worthless as a matter of law, and purchasers of misbranded cosmetics and drugs are entitled to a restitution refund of the purchase price of the misbranded cosmetics and drugs. Additionally, had Plaintiff and Class Members known the true nature and composition of the Oil Product, they would not have purchased such Products, or would have only paid for the shea butter and cocoa butter oil actually delivered with the Product.

31.     On September 9, 2025, prior to initiating this action, Plaintiff's counsel sent a demand letter to Kenvue on behalf of Plaintiff.  The letter, *inter alia,* (1) alleged that Kenvue mislabels and falsely misrepresents the contents of its "'Johnson's shea & cocoa butter oil' product (the 'Oil Product')" because "its label creates the false impression that the Oil Product is predominantly comprised of shea butter and cocoa butter" even though "in reality mineral oil is the primary ingredient in the product which contains only trace amounts of shea butter and cocoa butter"; (2) alleged that Kenvue breached its written and implied warranties and violated, *inter alia,* the Maryland Consumer Protection Act; (3) alleged that Plaintiff and similarly situated consumers had been harmed and injured because they were misled into purchasing Kenvue's Oil Product and would have paid significantly less for or not purchased the product had they known about the true content of the Product; and (4) demanded that Kenvue "immediately cease the above unlawful practices, cease mislabeling and misbranding the Oil Product, and provide Mr. Douma and all others similarly situated full restitution, damages and punitive damages to the fullest extent permitted by law."

## CLASS ACTION ALLEGATIONS

### A.  The Class

32.     Plaintiff brings this action on his own behalf and on behalf of the following Class of persons pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), 23(b)(3) an/or 23(c)(5):

> **Maryland Class**: All persons who purchased Defendant's "Johnson's shea & cocoa butter oil" product in Maryland during the four year period preceding the filing of the complaint.

33.     Any legal entity, Defendant and its employees or agents are excluded from the Class.

**B.  Numerosity**

34.    Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, Plaintiff believes, and on that basis alleges, that Kenvue has sold its Oil Product to thousands of Maryland consumers during the Class Period and therefore there are thousands of members of each of the Class.

**C.  Common Questions of Law and Fact**

35.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

a.    Whether Defendant labels, markets and otherwise advertises its Oil Product in a deceptive, false, or misleading manner by misrepresenting the product's shea butter and cocoa butter oil content;

b.    Whether Defendant's sale of the Oil Product constitutes unfair methods of competition and unfair or deceptive acts or practices in violation of, *inter alia*, the Maryland Consumer Protection Act, including: whether Defendant misrepresents the content, source, sponsorship, approval, or certification of their Oil Product; whether Defendant represents that the Oil Product are of a particular standard or quality if it is of another; and whether Defendant advertises its Oil Product with intent not to sell them as advertised;

c.    Whether Defendant's sale of the Oil Product constitutes a breach of warranty;

d.    Whether Defendant concealed material facts concerning the Oil Product;

e.    Whether Defendant engaged in unconscionable commercial practices in failing to disclose material information concerning the Oil Product;

f.      The nature and extent of damages, restitution, equitable remedies, and other relief

to which Plaintiff and the Class are entitled; and

g.      Whether Plaintiff and the Class should be awarded attorneys' fees and the costs of

suit.

**D.   Typicality**

36.     The Plaintiff's claims are typical of the claims of the Class since Plaintiff

purchased the Oil Product within the last four years, as did each member of the Class.

Furthermore, Plaintiff and all members of the Class sustained economic injuries arising out of

Defendant's wrongful conduct.  Plaintiff is advancing the same claims and legal theories on

behalf of himself and all absent Class members.

**E.   Protecting the Interests of the Class Members**

37.     Plaintiff will fairly and adequately protect the interests of the Class and has

retained counsel experienced in handling class actions and claims involving unlawful business

practices.  Neither Plaintiff nor his counsel has any interest which might cause them not to

vigorously pursue this action.

**F.   Proceeding Via Class Action is Superior and Advisable**

38.     A class action is the superior method for the fair and efficient adjudication of this

controversy.  The injury suffered by each individual Class member is relatively small in

comparison to the burden and expense of individual prosecution of the complex and extensive

litigation necessitated by Defendant's conduct.  It would be virtually impossible for members of

the Class individually to redress effectively the wrongs done to them.  Even if the members of

the Class could afford such individual litigation, the court system could not.  Individualized

litigation presents a potential for inconsistent or contradictory judgments.  Individualized

litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court.

39.    Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
**Fraudulent Concealment**
**(Plaintiff on behalf of the Maryland Class)**

40.    Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

41.    By failing to disclose and concealing the contents of the Oil Product from Plaintiff and Class Members (i.e., the Oil Product only contains trace amounts of shea butter and cocoa butter), Defendant concealed and suppressed material facts concerning the Oil Product.

42.    Defendant knew or should have known that the Oil Product was not comprised entirely or primarily from shea butter and cocoa butter.

43.    Defendant was under a duty to Plaintiff and Class Members to disclose and/or not misrepresent the contents of the Oil Product because:

a.    Defendant was in a superior position to know the true state of facts about the shea butter and cocoa butter content of Defendant's Oil Product;

b.    Plaintiff and Class Members could not reasonably have been expected to learn or discover that the Oil Product does not contain the amount of shea butter and cocoa butter oil advertised and warranted; and,

c.    Defendant knew that Plaintiff and Class Members could not reasonably have been

expected to learn about or discover the true shea butter and cocoa butter contents of Defendant's Oil Product.

44.     On information and belief, Defendant still has not made full and adequate disclosures, and continues to defraud consumers by concealing material information regarding the contents of the Oil Product and mislabeling the Product.

45.     The facts concealed or not disclosed by Defendant to Plaintiff and Class Members are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase the Oil Product.

46.     Plaintiff and the Class relied on Defendant to disclose material information it knew, such as the defective nature and contents of the Oil Product, and not to induce them into a transaction they would not have entered had the Defendant disclosed this information.

47.     By failing to disclose the true contents of the Oil Product, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

48.     Had Plaintiff and other Class Members known that Oil Product did not contain the amount of advertised and warranted shea butter and cocoa butter, they would not have purchased the Oil Product or would have paid less for them.

49.     As a result of Defendant's misconduct, Plaintiff and the other Class Members have been harmed and have been injured.

50.     Accordingly, Defendant is liable to Plaintiff and Class Members for damages in an amount to be proven at trial.

51.     Defendant's actions and omissions were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being, to enrich Defendant. Defendant's conduct warrants an assessment of punitive

damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

52.     Furthermore, as the intended and expected result of its fraud and conscious wrongdoing, Defendant has profited and benefited from Plaintiff's and Class Members' purchases of falsely advertised and misbranded Oil Product.  Defendant has voluntarily accepted and retained these profits and benefits with full knowledge and awareness that, as a result of Defendant's misconduct alleged herein, Plaintiff and Class Members were not receiving Oil Product of the quality, nature, fitness, or value that had been represented by Defendant, and that a reasonable consumer would expect.

53.     Defendant has been unjustly enriched by its fraudulent, deceptive, and otherwise unlawful conduct in connection with the sale of the Oil Product and by withholding benefits from Plaintiff and Class Members at the expense of these parties. Equity and good conscience militate against permitting Defendant to retain these profits and benefits, and Defendant should be required to make restitution of its ill-gotten gains resulting from the conduct alleged herein.

## SECOND CAUSE OF ACTION
### Unjust Enrichment
### (Plaintiff on behalf of the Maryland Class)

54.     Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

55.     As a result of Defendant's fraudulent acts, and omissions related to the shea butter and cocoa butter content of the Oil Product, Defendant obtained monies which rightfully belong to Plaintiff, and the Class Members to the detriment of Plaintiff and Class Members.

56.     Defendant appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiff and the proposed Class Members who, without knowledge of the true contents of the

Oil Product, paid a higher price for the Oil Product, which actually had lower values. Defendant also received monies for the Oil Product that Plaintiff and the Class Members would not have otherwise purchased or leased.

57.    It would be inequitable and unjust for Defendant to retain these wrongfully obtained profits.

58.    Defendant's retention of these wrongfully obtained profits would violate the fundamental principles of justice, equity, and good conscience.

59.    As a result of Defendant's unjust enrichment, Plaintiff and Class Members have suffered damages.

60.    Plaintiff does not seek restitution under his Unjust Enrichment claim. Rather, Plaintiff and Class Members seek non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

61.    Additionally, Plaintiff and Class Members seek injunctive relief enjoining Defendant from further misleading and deceptive distribution and sales practices with respect to the Oil Product, enjoining Defendant from selling the Oil Product with misleading information concerning the Oil Product's true shea butter and cocoa butter content and source. Money damages are not an adequate remedy for the above requested non-monetary injunctive relief.

### THIRD CAUSE OF ACTION
**Breach of Express Warranty Pursuant to Md. Code Ann., Com. Law § 2-313**
**(Plaintiff on behalf of the Maryland Class)**

62.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

63.    Plaintiff and each member of the Class formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased one or more of Defendant's Oil

Product. The terms of that contract include the promises and affirmations of fact made by Defendant on the packaging of the Oil Product regarding the products' shea butter and cocoa butter content.

64.    The Oil Product's packaging constitutes express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

65.    All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

66.    Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing the products that could provide the benefits promised, i.e. that the Oil Product contains the warranted amount of shea butter and cocoa butter as alleged above.

67.    As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the difference between the purchase price of any and all of the Oil Product they purchased and the price of a product which provides the benefits and contents as warranted.

### FOURTH CAUSE OF ACTION
**Violation of the Maryland Consumer Protection Act**
**(Plaintiff on behalf of the Maryland Class)**

68.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

69.    The Maryland Consumer Protection Act ("Maryland CPA") provides that a person may not engage in any unfair or deceptive trade practice in the sale or lease of any consumer good. Md. Com. Law Code § 13-303.  Defendant participated in misleading, false, or

deceptive acts that violated the Maryland CPA.

70.     Defendant and Plaintiff are "persons" within the meaning of Md. Code Com. Law § 13-101(h).

71.     Defendant's conduct, as set forth above, occurred in the conduct of trade or commerce.

72.     In the course of Defendant's business, Defendant willfully failed to disclose, actively concealed the true contents of the Oil Product. Accordingly, Defendant engaged in unfair and deceptive trade practices, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices.  Defendant's acts had the capacity, tendency or effect of deceiving or misleading consumers; failed to state a material fact that deceives or tends to deceive; and constitute deception, fraud, false pretense, false promise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection therewith.

73.     In purchasing of the Oil Product, Plaintiff and the other Class members were deceived by Defendant's failure to disclose and misrepresentations concerning the Oil Product's shea butter and cocoa butter content

74.     Plaintiff and Class members reasonably relied upon Defendant's misrepresentations and had no way of knowing that said representations were false and gravely misleading.

75.     Defendant's actions as set forth above occurred in the conduct of trade or commerce.

76.     Defendant's methods of competition and unfair, deceptive acts were likely to and did in fact deceive reasonable consumers.

77.     Defendant intentionally and knowingly misrepresented material facts regarding the Oil Product with intent to mislead Plaintiff and the Class.

78.     Defendant knew or should have known that its conduct violated this statute.

79.     Defendant owed Plaintiff and the Class a duty to disclose the truth regarding the Oil Product because Defendant: possessed superior/exclusive knowledge of the true contents of the Oil Product and/or intentionally concealed the Oil Product' shea butter and cocoa butter contents from Plaintiff and the Class.

80.     Defendant's conduct proximately caused injuries to Plaintiff and the other Class members.

81.     Plaintiff and the other class members were injured and suffered ascertainable loss, injury in fact, and/or actual damage as a proximate result of Defendant's conduct and did not receive the benefit of their bargain.  These injuries are the direct and natural consequence of Defendant's misrepresentations and omissions.

82.     Defendant's violations present a continuing risk to Plaintiff as well as to the general public.  Defendant's unlawful acts and practices complained of herein affect the public interest.

83.     Pursuant to Md. Code Com. Law § 13-408, Plaintiff seeks actual damages, attorneys' fees, and any other just and proper relief available under the Maryland CPA.

### FIFTH CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to Md. Code Com. Law § 2-314)**
**(Plaintiff on behalf of the Maryland Class)**

84.     Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

85.     Defendant is a merchant with respect to the Oil Product.

86.     The Oil Product was subject to implied warranties of merchantability running from the Defendant to Plaintiff and Class Members.

87.     An implied warranty that the Oil Product was merchantable arose by operation of law as part of the sale of the Oil Product.

88.     Defendant breached the implied warranty of merchantability in that the Oil Product only contains trace amounts of shea butter and cocoa butter, does not provide the benefits associated with oil comprised and extracted entirely or primarily from cocoa butter and shea butter, and thus was not in merchantable condition when Plaintiff and Class Members purchased them, or at any time thereafter, and they were unfit for the ordinary purposes for which such cosmetics and drugs are used.

89.     Defendant has breached the implied warranty of merchantability because the Oil Product when sold would not pass without objection in the trade.

90.     As a result of Defendant's breach of the applicable implied warranties, purchasers of the Oil Product suffered an ascertainable loss, were harmed, and suffered actual damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

a.  An order certifying the proposed Class, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

b.  An order awarding Plaintiff and class members their actual damages, incidental and consequential damages, punitive damages, statutory damages and/or other form of monetary relief provided by law;

c.  An order awarding Plaintiff and the class restitution, disgorgement, or other equitable relief as the Court deems proper;

d.  An order enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

e.  Reasonable attorneys' fees and costs;

f.  Pre-judgment and post-judgment interest, as provided by law;

g.  Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 3, 2025

Respectfully submitted,

By    /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF